### TITLE CLOUDED BY CONDITION IN WILL.

Circuit Court of Wood County.

Charles Barr and Albert O'Mercer v. Frank E. Swartz.

Decided, October 28, 1912.

*Specific Performance—Action to Enforce—Defense of Imperfect Title—
Uncertainty as to Devolution of Title Under Condition of Devise.*

The defense of imperfect title is good against an action to enforce
specific performance of a contract to purchase land, where it ap-
pears that the plaintiffs derived their title from one who took by
way of devise from his father, on condition that should he die with-
out issue living, "the lands shall descend to my other children
mentioned in this will share and share alike," and where it appears
from the testimony that the devisee is still living and has children
living.

*Edward Beverstock* and *E. G. McClelland,* for plaintiffs.
*Eugene Rheinfrank, N. R. Harrington* and *G. C. Nearing,*
contra.

Wildman, J.; Kinkade, J., and Richards, J., concur.

This is an action brought to this court by appeal to enforce the
specific performance of a land contract, executed June 7th, 1910,
and partly performed by payment of an installment of the pur-
chase price.   The contract contemplated complete execution by
March 1st, 1911, on or about which date a deed was tendered by
the plaintiffs to the defendant and refused.   The claim of the
defendant is that by the terms of the contract, he was to have a
good and perfect title to the land contracted for: that subse-
quent to the execution of the contract he discovered that such
title could not be obtained and granted to him and for that

reason he demanded a rescission of the contract. Notice of his wish for such rescission had been given prior to the time fixed for the complete payment and transfer of title, and promptly upon his discovery of the claimed defect.

The claimed title of the plaintiffs is based upon the conveyance of one James Porter, together with quit-claim deeds from Porter's brothers and sisters. James Porter and his brothers and sisters so quit-claiming, reasserted by the plaintiffs to have derived their title to the land in question by virtue of the will of Christopher Porter, their father, who died intestate some years before the execution of this contract. The provision of said will relating to the present controversy devises to James Porter the said land, charged with certain payments to a daughter and the widow of Christopher, and then qualifies the devise in the following words:

"The devise in this item to my son James is on this condition that, should he die without issue living, the said lands shall descend to my other children mentioned in this will share and share alike."

The charge upon the land in favor of the daughter and widow has been extinguished by performance subsequent to the death of Christopher, leaving the question only as to the character and extent of the title devised to James, freed from the charge which I have mentioned.

It is the contention of the defendant that the title of James and the interest of his brothers and sisters joining in the quit-claim deed is of such doubtful character as to justify a court of equity in refusing a decree for specific performance. This contention is based upon numerous authorities. But they need not be reviewed by us in view of the emphatic holding of the Supreme Court of our own state in the case of *City of Tiffin* v. *Shawhan*, 43 O. S., 178. I quote the third paragraph of the syllabus:

"If the specific performance of such a contract would be harsh, oppressive, or inequitable in its consequences, or would leave the purchaser with a doubtful and unmarketable title, the court, in the exercise of its discretion, will refuse to decree its

performance as no man will be compelled to accept a doubtful title.''

We might cite, as counsel have done, numerous adjudications expressing the view that a purchaser under land contract is not compelled to accept a clouded title, one unmerchantable, or which is likely to involve him in litigation to defend it. The equity of this rule is manifest, and we have no hesitancy in assenting to it or in applying it to the conditions presented by the evidence in the case at bar. In saying this we wish not to be understood as departing in any respect from the construction heretofore placed by this court upon the will involved in the title to land litigated in the Anderson-Messenger cases, and as affirmed by the Supreme Court in *Anderson* v. *Realty,* 79 O. S., 23.

The United States Circuit Court of Appeals has adopted a construction in conflict with the one obtaining in the state court, basing its decision upon the case of *Shaw* v. *Hoard,* 18 O. S., 227.

If the view of this federal court were to be adopted, it would place the title to the real estate devised in the issue of James Porter, if any there shall be living at the time of his death. It is disclosed to us in evidence that, although he was unmarried at the date of his father's will, he is now the father of four minor children, not parties to the litigation before us. We can not say that there is no possibility of their surviving their father, James Porter, and at some time in the future asserting title to this land. If they, or either of them should be non-residents of this state, the result might be litigation in the Federal court, which, if the last adjudications in that court on this subject should remain unreversed by the Supreme Court of the United States (in which we understand the question is now pending), the result would be disastrous to the claimed title of the plaintiffs in this action or of the defendant if ordered to fulfill the contract of purchase.

For reasons stated, decree for specific performance will be refused. The defendant has made payment of the sum of $500 as a first installment of the purchase price and one negotiable note for a like sum given by the defendant to plaintiffs to apply also upon the purchase price of the land, has been sold to some other party or parties.

It is conceded by counsel that if the plaintiff is not entitled to specific performance, the claim of the defendant for reimbursement to the amount of $1,000 and interest thereon, is just and should prevail.   Judgment may be taken accordingly.